

2020 MAY 26 PM 1: 46

BY _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>**MATTHEW ROY AGUON SABLAN,**<br>DOB: 06/23/1985<br><br>Defendant. | CRIMINAL CASE NO. CF0482-18<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on February 11, 2020, for a Restitution Hearing. The Defendant Matthew Roy Aguon Sablan ("Defendant") was represented by Assistant Public Defender Zachary C. Taimanglo. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and arguments in this matter, the Court hereby issues the following Decision and Order.

## BACKGROUND

On August 21, 2018, the Defendant Matthew Roy Aguon Sablan was charged with: 1) Burglary (as a Second Degree Felony); 2) Solicitation to Commit Burglary (as a Second Degree Felony); 3) Conspiracy to Commit Burglary (as a Second Degree Felony); 4) Theft of Property (as a Second Degree Felony) with Special Allegation: Vulnerable Victim Enhancement; 5) Criminal Trespass (as a Misdemeanor); and 6) Criminal Mischief (as a Misdemeanor). *See* Indictment (Aug. 21, 2018). According to the Declaration in support of the Magistrate's Complaint filed August 11, 2018, the Defendant, along with two others, allegedly broke into the home of Gilbert F. Arciga's ("Mr. Arciga" or "victim"), and stole approximately $16,000 to $20,000 worth of his personal property. *See* Magistrate's Compl. (Aug. 11, 2018). The

Defendant later admitted to the police that he broke into Mr. Arciga's home and sold the stolen items for approximately $2,000. The Defendant also admitted that he confessed to Mr. Arciga that he had broken into his home and had stolen from him.

On June 6, 2019, the Defendant pled guilty to the First Charge of Burglary (as a Second Degree Felony). *See* Plea Agreement (Jun. 7, 2019). Pursuant to the Plea Agreement, the Defendant "shall be held liable for full restitution pursuant to 9 GCA § 80.50(e) to [the victim], in an amount to be determined by Court at a restitution hearing." *Id.* at p.5. The People filed their Submission of Summary Report (Re: Restitution) in support of the victim's restitution claim on July 29, 2019. The Defendant filed his Submission of Restitution Exhibits for the Court's consideration of restitution on January 28, 2020.

On February 11, 2020, the Court held a Restitution Hearing and heard testimony from both parties, as well as the victim. At the hearing, the Court granted the People's request to respond to the Defendant's restitution exhibits. The People filed their Supplemental Submission of Restitution Summary on February 26, 2020. Subsequently, the Court took the matter under advisement.

## DISCUSSION

Guam law provides that a person who has been convicted of an offense may be sentenced to pay a fine or to make restitution not exceeding:

> (a) Ten Thousand Dollars ($10,000.00), when the conviction is of a felony of the first or second degree . . .
> (e) Any higher amount equal to double the pecuniary gain to the offender or loss to the victim caused by the conduct constituting the offense by the offender. In such case the court shall make a finding as to the amount of the gain or loss, and if the record does not contain sufficient evidence to support such a finding the court may conduct a hearing upon the issue.

9 GCA §§ 80.50 (a) and (e). In other words, Section 80.50 "allows a judge to order up to $10,000 in restitution without any findings, and to *order a higher amount equal to the loss* to the victim or gain to offender if the judge makes a finding as to that amount." *People v. Mallo,* 2008 Guam 23 ¶ 43 (emphasis added). "Loss" is defined as "the amount of value separated from the victim." 9 GCA § 80.50(e).

Here, the People seek twenty-seven thousand five hundred and thirty-two dollars ($27,532.00) in restitution for the victim's losses. Therefore, pursuant to Title 9 GCA § 80.50(e), the Court must make specific findings as to those losses to justify awarding restitution in that amount. *Id.* As a preliminary matter, the Court acknowledges that the Defendant, through his plea agreement, agreed to be held liable for full restitution to the victim. *See* Plea Agreement, at p. 3 (Jun. 7, 2019). The People however, bear the burden of proving such losses by a preponderance of the evidence. *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

The People submitted a Restitution Summary Report which included Mr. Arciga's supporting documents for restitution. Specifically, Mr. Arciga submitted a list of forty-four (44) items he claims were stolen by the Defendant, including the alleged price of each item. The documents provided by Mr. Arciga however, did not include corresponding receipts nor any documentation to prove the amount of each item. The Defendant, on the other hand, submitted a restitution worksheet contesting the amounts of approximately half of the items claimed by the victim. The Defendant also attached exhibits in support of the contested amounts, providing the current sales price for the same or similar items being claimed by the victim. The Defendant admits restitution in the amount of four thousand four hundred ninety-eight dollars and seventy-three cents ($4,498.73). In response, Mr. Arciga submitted sales receipts of the following items:

| | | |
|---|---|---|
| a. | PlayStation 3 | $399.95 |
| b. | Toshiba 26" LCD/DVD Combo | $620.00 |
| c. | Yamaha Analog Mixer | $379.00 |
| d. | Yamaha Power Amplifier | $349.00 |
| e. | 2 Yamaha Speaker | $718.00 |
| f. | Jam Rolling Rack | $139.00 |
| g. | Yamaha Portable PA System | $1,295.00 |
| h. | 2 ULT Speaker Stand | $104.00 |
| i. | Toshiba 19" LCD/DVD Combo | $399.00 |
| j. | Speaker Bag | $59.00 |
| k. | Yamaha Stand Adaptor | $15.95 |
| l. | 14K Gold Bracelet | $1,053.00 |
| m. | 14K Gold Mariner Chain | $333.25 |
| n. | Bose Solo Speaker | $399.50 |
| | **Total** | **$6,263.65** |

Having reviewed the People's Restitution Summary Report, together with the Defendant's restitution exhibits and the sales receipts provided by the victim, the Court finds that the People have met their burden of showing loss to the victim on some, *but not all*, of the items listed in their Restitution Summary. For those items listed in which the victim provides no documentation as to value (i.e. receipts), and to which the Defendant offers no contested amount (i.e. current retail price), the Court finds that the damages alleged are too speculative for the Court to make a determination. Nonetheless, the Court finds that restitution is necessary to restore the victim's losses resulting from the Defendant's criminal actions. Thus, based on the evidence provided in the People's Supplemental Restitution Summary, the Court finds that the People have met their burden, by a preponderance of the evidence, and will award restitution based on the sales receipts total provided by Mr. Arciga. Accordingly, the appropriate amount of restitution is six thousand two hundred sixty-three dollars and sixty-five cents ($6,263.65).

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the People's request for restitution. Thus, it is hereby **ORDERED** that the Defendant, Matthew Roy Aguon Sablan, pay restitution to the victim, Gilbert Arciga, in the amount of *six thousand two hundred sixty-three dollars and sixty-five cents ($6,263.65)*.

**IT IS SO ORDERED** ___ **MAY 2 6 2020** ___ .



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**